IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robbin E. Chavis,                              :

           Plaintiff                    :    Civil Action 2:11-cv-00917

v.                                             :    Judge Graham

Michael J. Astrue, Commissioner                :    Magistrate Judge Abel
of Social Security,
                                               :
           Defendant

**ORDER**

This matter is before the Court on defendant's July 26, 2012 objections to Magistrate Judge Abel's July 9, 2012 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that this case should be remanded to the Commissioner for further consideration of plaintiff's application for disability benefits consistent with SSR 02-2p. The Court further finds for the reasons set out below that defendant's objections to the Report and Recommendation are without merit.

As a preliminary matter, plaintiff's August 5, 2012 motion to strike as untimely defendant's objections to the Magistrate Judge's Report and Recommendation (doc. 18) is DENIED. Under Rule 6(d) of the Federal Rules of Civil Procedure, an additional three days are added after the period would otherwise expire under Rule 6(a).

Turning to the objections, defendant argues that the evidence did not demonstrate any ongoing functional limitations related to plaintiff's interstitial cystitis. Plaintiff reported that her left flank pain was relieved with Vicodin. Although plaintiff

complained of some urinary frequency, urgency, and dysuria, she did not indicate that these symptoms were constant. Dr. Knudson also noted that plaintiff had no episodes of urinary retention, bladder distension or flank tenderness. Defendant further argues that subsequent medical records do not reflect continued complaints of urinary problems or left flank pain. Defendant also points to the fact that the state agency physicians who reviewed the evidence determined that none of plaintiff's physical impairments – including her interstitial cystitis – were not severe. Defendant maintains that the administrative law judge's analysis complied with the terms of SSR 02-2p even though he failed to explicitly cite SSR 02-2p.

When making a residual functional capacity determination, the decision-maker must consider the impact of interstitial cystitis:

> IC can cause limitation of function. The functions likely to be limited depend on many factors, including urinary frequency and pain. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It also may affect ability to do postural functions, such as climbing, balancing, stooping, and crouching. The ability to tolerate extreme heat, humidity, or hazards also may be affected.
>
> The effects of IC may not be obvious. For example, many people with IC have chronic pelvic pain, which can affect the ability to focus and sustain attention on the task at hand. Nocturia (nighttime urinary frequency) may disrupt sleeping patterns. This can lead to drowsiness and lack of mental clarity during the day. IC also may affect an individual's social functioning. The presence of urinary frequency alone can necessitate trips to the bathroom as often as every 10 to 15 minutes, day and night. Consequently, some individuals with IC essentially may confine themselves to their homes. In assessing RFC, we must consider all of the individual's symptoms in deciding how such symptoms may affect functional capacities.

SSR 02-2p, Sequential Evaluation, ¶ 1. The Magistrate Judge acknowledged that it is not necessarily error for an administrative law judge to fail to explicitly reference a Social Security Ruling in making a disability determination. The decision, however, must fairly set out the legal framework for the disability determination and support that determination with substantial evidence. As the Magistrate Judge concluded, the administrative law judge failed to examine the intensity, persistence, and limiting effects of plaintiff's interstitial cystitis. Because the decision is void of any discussion of the limitations imposed by plaintiff's impairment, the administrative law judge's decision does not demonstrate that he followed Social Security Ruling 02-2p in making his decision.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. This case is **REMANDED** to the Commissioner for further consideration of plaintiff Chavis's application for disability benefits consistent with SSR 02-2p.

James L. Graham
United States District Judge